1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  WILLIE WEAVER,                    )
                                      )        No. C 07-01177 JW (PR)
12                 Plaintiff,         )
                                      )        ORDER OF DISMISSAL
13       vs.                          )
                                      )
14  DIAZ,                             )
                                      )
15                 Defendant.         )        (Docket No. 3)
                                      )
16  _____

17

18          Plaintiff, a California state prisoner and frequent litigant in this Court, has

19  filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. § 1983.  He seeks to

20  proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915.

21          The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

22  became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

23  action <u>in forma pauperis</u> under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

24  prior occasions, while incarcerated or detained in any facility, brought an action or

25  appeal in a court of the United States that was dismissed on the grounds that it is

26  frivolous, malicious, or fails to state a claim upon which relief may be granted,

27

28

1   unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

2   § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions

3   dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

4   128 F.3d 1310, 1311-12 (9th Cir. 1997).  And as the text of § 1915(g) makes clear,

5   the court may count as strikes dismissals of district court cases as well as dismissals

6   of appeals.  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner

7   does not get three frivolous claims and three frivolous appeals before being barred

8   by § 1915(g)).

9        Here, plaintiff has had three or more prisoner actions/appeals dismissed by a

10   federal court on the grounds that they are frivolous, malicious, or fail to state a claim

11   upon which relief may be granted: (1) Weaver v. Pelican Bay State Prison, No. C

12   04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure

13   to state a claim upon which relief may be granted); (2) Weaver v. Nimrod, No. C 04-

14   3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) Weaver v. Pelican Bay State

15   Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4)

16   Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5)

17   Weaver v. Monterio, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005)

18   (same).  Plaintiff therefore may proceed in forma pauperis only if he is seeking relief

19   from a danger of serious physical injury which is "imminent" at the time of filing.

20   See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc);

21   Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth,

22   147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir.

23   1998).  He is not.

24        Because plaintiff has had three or more prior dismissals and is not under

25   imminent danger of serious physical injury, his request to proceed in forma pauperis

26   (Docket No. 4) is DENIED and the instant action is DISMISSED without prejudice

27

28   Order of Dismissal
     N:\Pro - Se\7.27.2007\07-01177 Weaver1177_3strikes-dismissal.wpd   2

to bringing it in a paid complaint.

The clerk shall terminate all pending motions as moot.  No fee is due at this time.

DATED:    July 25, 2007                              _____
                                                    JAMES WARE
                                                    United States District Judge

**United States District Court**
For the Northern District of California